IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ludys Milargo Paz Yanes, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:18-cv-00845-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Kirstjen Nielsen, *Secretary of Department of Homeland Security*; Thomas D. Homan, *Acing Director of United States Immigration and Customs Enforcement ("ICE")*; Sean W. Gallagher, *Atlanta Field Office Director for ICE*; SDDO Sanichar, *NDU Supervisor, ICE*; SDDO Veronda, *ATD Supervisor, ICE*, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

This matter comes before the court on Ludys Milargo Paz Yanes's ("Paz Yanes") motions for a temporary restraining order ("TRO"), ECF No. 2, and for an emergency stay of removal, ECF No. 3, and on defendants' motion to dismiss, ECF No. 24. The court denies Paz Yanes's motions and grants defendants' motion due to the court's lack of subject matter jurisdiction over the claims.

**I. BACKGROUND**

Paz Yanes is a Honduran national who fled Honduras in July 2015 with her son, Aaron, fearing that her ex-partner would harm or kill them both, due to past abuse and threats. ECF No. 2-1 at 1–4. On or about July 18, 2015 Paz Yanes and her son entered the United States at or near Hidalgo, Texas, where they were detained in the custody of the Department of Homeland Security ("DHS"). Id. at 4. On July 19, 2015, they were issued two separate Notice to Appear documents (NTA), charging them as subject to

1

removal from the U.S. pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act.  Id.   After being held in the South Texas Family Residency Center in Dilley Texas, they were released on a $5,000.00 bond on about July 27, 2015.  Id.

On April 19, 2016, Paz Yanes and Aaron had a hearing before an Immigration Judge in Charlotte, North Carolina, at which Paz Yanes received an Order of Removal. ECF No. 2-1 at 4.  At the same hearing, Aaron's case was bifurcated to allow him to pursue Special Immigration Juvenile Status ("SIJS") based on abandonment or abuse by his father.  Id.  On August 8, 2016, Paz Yanes was awarded immediate custody of her minor son by the Beaufort County Family Court in South Carolina.  Id. at 2.  On September 7, 2016, Aaron's Form I-360, Petition for Special Immigrant Status, was filed with USCIS, leading the Immigration Judge to administratively closed Aaron's removal proceedings on September 20, 2016.  Id.  Aaron's Form I-360 application for SIJS status was approved on October 20, 2016.  Now that Aaron has achieved SIJS status, Paz Yanes intends to file an application for him to obtain permanent residency status.  According to the April 2018 Visa Bulletin, the Department of State is working on cases with a priority date of December 15, 2015.  Id.  Aaron's priority date is September 7, 2016, at which point he will be eligible to apply for his Permanent Resident Card.  Id.  In addition to Aaron, Paz Yanes has a two-year-old daughter named Danna, who is a United States citizen.  Id. at 8.

On November 30, 2016, Paz Yanes filed a Stay of Removal application, which was approved until January 31, 2018.  On Feb 2, 2018, she reported back to the ICE Office of Enforcement and Removal ("ERO") Charleston Sub Office and she filed a second Stay of Removal application.  That application was denied on Feb 21, 2018.  ECF

2

No. 2-23. Paz Yanes's attorney informed the court during the hearing on this matter that he has not filed any sort of appeal from her order of removal or the denial of her stay of removal application. This is confirmed by the declaration of Paul Sanichar, a Supervisory Detention and Deportation Officer at the Charleston ERO sub-office. ECF No. 24-1 ¶¶ 5–7. Paz Yanes is set to report back to ICE on April 6, 2018, with travel plans to depart the U.S. no later than April 30, 2018. ECF No. 2-1 at 2.

Paz Yanes filed her complaint in this court on March 27, 2018. ECF No. 1. That same day she filed her motions for a TRO and motion for emergency stay of removal. ECF Nos. 2 and 3. Defendants filed their response in the form of a motion to dismiss on April 2, 2018. ECF No. 24. The court held a hearing on April 2, 2018. ECF No. 25.

## II. STANDARD

In order to obtain a preliminary injunction, a plaintiff must establish:

> that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20. These same factors guide a court's decision whether to issue a stay of removal.[1] For a stay of removal, "the first two factors of the traditional standard are the most critical." Nken v. Holder, 556 U.S. 418, 434 (2009). In regards to the first factor, the petitioner's chance of success on the merits

---

[1] Courts should consider the follow four factors when analyzing a request for a stay of removal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434, (2009) (internal quotation marks omitted).

must be "better than negligible."  Id.  In the same way, petitioner must show that it is more than a mere "possibility" that he will be harmed by removal.  The Supreme Court has noted that "although removal is a serious burden for many aliens, it is not categorically irreparable."  Id.

### III.   DISCUSSION

Paz Yanes's motions for a TRO and stay of removal bring the following three claims: (1) Paz Yanes should not be removed because it would likely result in her physical harm; (2) her removal would deny Aaron his due process right to file an application for a green card; and (3) her removal would harm the interests of her daughter, Danna, who is a U.S. citizen.  Although she appears to bring all of the claims on behalf of herself, in reality only the first claim can truly be brought by herself.  The other two should be brought by her children.  Regardless of this problem, the court does not possess jurisdiction to issue a TRO staying her removal for any period of time.

Federal district courts may not exercise subject matter jurisdiction over requests to stay orders of removal.  The Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996 established that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ."  8 U.S.C. § 1252(a)(5).  The Fourth Circuit has clearly affirmed that 8 U.S.C. § 1252 precludes a district court from granting a stay of removal.  Mapoy v. Carroll, 185 F.3d 224, 230 (4th Cir. 1999) ("Section 1525 provides that an alien who wishes to challenge a final order of removal must file a petition for review of such an order in the court of appeals.").  District courts that have been presented with requests for a stay of removal in situations very similar to the one

4

currently before the court have refused to decide upon the merits of those cases because they lack jurisdiction. In Hatami v. Ridge, 270 F. Supp. 2d 763, 764 (E.D. Va. 2003), the plaintiff facing imminent removal from the United States sought a temporary stay of the removal order while he pursued his state habeas corpus petition regarding the criminal conviction that formed the basis of his deportation. The court held that § 1252 barred the court from granting the stay, finding that his request for a stay of a removal order fell "squarely within the terms of this section." Id.; see also Janvier v. I.N.S., 174 F. Supp. 2d 430, 433 (E.D. Va. 2001) (Finding it "clear" that "there is no federal jurisdiction to review Board of Immigration Appeals decisions" about the execution of removal orders).

Thus, if an Immigration Judge orders the removal of a person under IIRIRA, then that person's appropriate recourse is to appeal that decision to the Board of Immigration Appeals ("BIA"). If they are unsuccessful before the BIA, then they can appeal the BIA's decision to the circuit court of appeals, but may not appeal directly to the federal district court. Here, Paz Yanes has not even filed an appeal of her removal order to the Board of Immigration Appeals. However, even if she had, this court clearly does not possess the jurisdiction to issue any order regarding a stay of her removal.

## IV.  CONCLUSION

Based on the above, the court **DENIES** Paz Yanes's motions for a TRO and stay of removal and **GRANTS** defendants' motion to dismiss.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 5, 2018**
**Charleston, South Carolina**